UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-57-F

| JOHN D. BLACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NEW JERSEY STATE et. al, | ) | |
| Defendants. | ) | |

This matter is before the court on Home Depot, Inc.'s Motion for Pre-Filing Injunction [DE-36]. In an order filed on June 24, 2010 [DE-40], the court ordered the *pro se* Plaintiff to show cause, if any there be, why this court should not impose upon him a permanent pre-filing injunction as requested by Home Depot. Plaintiff filed his response [DE-42].

Also before the court is the *pro se* Plaintiff's Application to Appeal in Forma Pauperis [DE-48].

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

The *pro se* Plaintiff's Application to Proceed In Forma Pauperis [DE-48] is DENIED as moot. Plaintiff paid the $455 filing fee when he filed his Notice of Appeal [DE-44]. *See Steffens v. American Express*, C/A No. 6:07-cv-01807-GRA, 2007 WL 2350984 at *1 (D.S.C. Aug. 14, 2007)(denying a *pro se* plaintiff's motion to proceed in forma pauperis as moot where the plaintiff paid the filing fee).

## II. MOTION FOR PRE-FILNG INJUNCTION

Home Depot seeks a prefiling injunction which prevents Plaintiff, without leave of court, from filing any new cases against Home Depot involving or related to what Plaintiff alleges is Home Depot's alleged taking of Plaintiff's real property in New Jersey.

### A. Standard of Review

"The All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. A., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Because a prefiling injunction is a "drastic remedy," it "must be used sparingly" and only when "exigent circumstances" arise. *Id.* at 817-18. One such exigent circumstance that may justify a pre-filing injunction is where a litigant files meritless and repetitive actions. *Id.* at 818.

The Fourth Circuit has articulated the factors a district court must consider in determining whether a pre-filing injunction is appropriate:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party has a good faith basis for pursuing this litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986).

Additionally, "even if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at

2

818. Moreover, the litigant must be given notice and an opportunity to be heard on the matter. *Id.*

**B. Analysis**

After reviewing the factors set forth in *Cromer*, this court concludes that a pre-filing injunction is appropriate in this case.

First, it is undisputed that Plaintiff has a history of filing duplicative, if not harassing, lawsuits within this district, and throughout the nation. As Home Depot thoroughly details in its memorandum in support of its motion [DE-36], Plaintiff has filed at least six lawsuits concerning the alleged taking of his property at 59 Magnolia Street. *See Black v. City of Newark*, No. 1:06-CV-534-WLO-WWD, December 19, 2006 Recommendation of United States Magistrate Judge (M.D.N.C. Dec. 19, 2006); *Black v. City of Newark*, 535 F.Supp.2d 163 (D.D.C. 2007); *Black v. New Jersey*, No. 5:08-CV-193-F, 2009 WL 559796 (E.D.N.C. Mar. 4, 2009); *Black v. New Jersey*, 2010 WL 883763 (N.D. Ohio Mar. 10, 2010); *Black v. State of New Jersey*, No. 7:10-CV-00048-F. Home Depot has been named as a defendant in five of these lawsuits, and the complaint in each action alleges that Home Depot is liable for millions of dollars in damages for the alleged taking of Plaintiff's property without just compensation. The actions in this district were filed in quick succession, and seemingly without regard to the previous rulings by this court that venue is improper. The court finds that this establishes the duplicative nature of Plaintiff's actions against Home Depot.

Second, the court finds that Plaintiff lacks "a good faith basis for pursing the litigation" against Home Depot in this district. *Cromer*, 390 F.3d at 818. Plaintiff seemingly ignores the

rulings by this court, and others, that the proper venue for his claims–based on the allegations in his numerous complaints–is not in North Carolina.

Third, the court finds that Plaintiff's repeated filings have exacted a burden both on this court, and on Home Depot. Indeed, Plaintiff's latest filings have become so convoluted that this court has been forced to direct Plaintiff to file a clear intention as to how he wished to proceed, which was met with another inconsistent filing. *See Black v. State of New Jersey*, 7:10-CV-48-F, April 6, 2010 Order; Response filed April 3, 2010; April 19, 2010 Order. The time spent interpreting Plaintiff's duplicative and at times incoherent filings have absorbed the court's time and resources in an unreasonable manner. *See Pierce v. Wells Fargo Bank*, No. 1:06-CV-00755, 2006 WL 4821348 at *2 (M.D.N.C. Nov. 9, 2006)(observing that a plaintiff's filing of four consecutive vexatious lawsuits caused the court to "expend[] scarce time and resources in an effort to give Plaintiff due process" and that the filings "have been abuse of the system, and consequently, have hindered other claimant's access to the courts").

Finally, the court, after carefully considering the "adequacy of alternative sanctions" has concluded that there are none. The court specifically finds that monetary sanctions will not suffice in deterring Plaintiff from continuing to file cases against Home Depot concerning the taking of the Magnolia Street property. Plaintiff has pursued, at great financial cost to himself, these theories against Home Depot and other defendants in various federal courts throughout the nation, and shows no inclination to stop filing such actions. *See id.* at *3 (observing that alternative measures would "not quell Plaintiff's tendency to engage in vexing and harassing filings" because "the court has dismissed several of Plaintiff's cases, which one would think would be sanction (and warning) enough, but he has persisted in his frivolous filings").

4

Accordingly, after considering the *Cromer* factors, Home Depot's Motion for Pre-Filing Injunction [DE-36] is ALLOWED. In so ruling, the court notes that Home Depot only requested an injunction as to any future claims Plaintiff may file against Home Depot involving or related to Home Depot's alleged taking of Plaintiff's New Jersey property at 59 Magnolia Street. Over the years in his numerous actions, however, Plaintiff has named several other defendants–most frequently the State of New Jersey–and included other claims regarding the alleged taking of another tract of real property, and the revocation of Plaintiff's commercial drivers license endorsement. The pre-filing injunction requested by Home Depot does not purport to apply to those additional defendants or those additional claims. The court, in its June 24, 2010 Order [DE-40], ordered the *pro se* Plaintiff to show cause, if any there be, why this court should not impose upon him a permanent pre-filing injunction "as requested by Home Depot." *Id.* at p. 6. Accordingly, the court–mindful of the requirement that Plaintiff be given notice and an opportunity to be heard–cannot fashion a pre-filing injunction which would include the additional claims and defendants that make regular appearances in Plaintiff's numerous filings. Nevertheless, the court warns Plaintiff that filing additional frivolous lawsuits in the Eastern District of North Carolina against the State of New Jersey or City of Newark officials regarding the alleged taking of his New Jersey real property or revocation of his commercial drivers license endorsement may result in the court instituting another pre-filing injunction preventing the filing of such claims in this district without leave of court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Application to Appeal In Forma Pauperis [DE-48] is DENIED as moot.

Additionally, Home Depot's Motion for Pre-Filing Injunction [DE-36] is ALLOWED, and it is ORDERED that Plaintiff John D. Black is ENJOINED from filing any additional actions against Home Depot in the Eastern District of North Carolina with respect to Home Depot's alleged taking of Plaintiff's New Jersey property unless he files a motion and obtains leave of court from a United States District Judge in the Eastern District of North Carolina. As part of any motion for leave to file an action against Home Depot in the Eastern District of North Carolina, Plaintiff MUST attach a copy of this order, and a detailed written statement explaining why the new action is materially different from the allegations in *Black v. New Jersey*, No. 5:08-CV-193-F,(E.D.N.C. filed April 24, 2008), *Black v. State of New Jersey*, No. 7:10-CV-00048-F (filed March 18, 2010), and this action, *Black v. State of New Jersey*, 5:10-CV-00057-F (filed March 31, 2010). If Plaintiff seeks to initiate an action in another district, he SHALL include a copy of this Order. Nothing in this Order prevents Plaintiffs from filing an appeal of this Order.

SO ORDERED. This the 11th day of January, 2011.

*James C. Fox*
James C. Fox
Senior United States District Judge